STATE OF MONTANA, EX REL. JOHN KNAUP, ET AL., INDIVIDUALLY AND AS MEMBERS OF THE BOARD OF TRUSTEES OF SCHOOL DISTRICT No. 45 OF CASCADE COUNTY, RELATORS AND APPELLANTS, v. MARGARET HOLLAND, COUNTY SUPERINTENDENT OF SCHOOLS OF CASCADE COUNTY, DEFENDANT AND RESPONDENT.

No. 9525.

Submitted November 21, 1957. Decided December 20, 1957.

319 Pac. (2d) 516.

570

Messrs Hall, Alexander & Burton, Great Falls, for appellants.

Mr. Arnold H. Olsen, former Atty. Gen., Mr. Forrest H. Anderson, Atty. Gen., Mr. Robert L. Word, Jr., Sp. Asst. Atty. Gen., Mr. Richard V. Bottomly, Co. Atty., Great Falls, Mr. Patrick J. Gilfeather, Deputy Co. Atty., Great Falls for respondent.

Mr. Edward C. Alexander, Mr. Word and Mr. Gilfeather argued orally.

THE HON. GUY C. DERRY, District Judge (sitting in place of MR. JUSTICE BOTTOMLY).

The relators, by petition filed with the District Court for Cascade County, sought a writ of prohibition commanding the respondent, Margaret Holland, as the County Superintendent of Schools of Cascade County, Montana, to desist and refrain from making any order for the abandonment of School District No. 45 of Cascade County. After a hearing on an order to show cause, issued out of the District Court, the presiding judge made an order granting the motion to quash, vacate and set aside the temporary restraining order and alternative writ

of prohibition theretofore issued by the court. On December 3, 1954, the District Court entered a final judgment of dismissal on the merits.

The matter was before the District Court upon the petition of the relators alone. No evidence was offered. From the petition, it is made to appear that School District No. 45 of Cascade County is formed for the purpose of operating an elementary school, but that during the last three consecutive school years prior to the commencement of this action a school has not been maintained within said district; that in lieu of maintaining a school, the district has transported children of school age within the district to schools in other districts, and has paid such tuition as was necessary or required for such children under the general provisions of section 75-3404, R.C.M. 1947, and related statutes. It further appears that during the three consecutive years next preceding the filing of the petition here involved, such transportation of children has been provided for an average of four children of school age for the pupils who live within District No. 45, and who would ordinarily attend such school. In addition, it is claimed the district has furnished transportation to three children of school age who reside in said district, but who attend the high school at Centerville, Montana. The children attending high school have ridden on the bus provided by District No. 45, to such point on the highway where they could take the bus operated by the high school attended by them. In this connection, it should be pointed out that under the statute, transportation for high school pupils is provided at the expense of the state and county and not by the school district. R.C.M. 1947, section 75-3414, subd. (a) (2). On the contrary transportation to another elementary school outside the district is paid for from a budget of the district. R.C.M. 1947, section 75-3414, subd. (a)(1). In view of this law, it is apparent that any transportation furnished to high school pupils in this case was a voluntary and not a compulsory act of the district. During the argument of the case, it was stated

that transportation was extended to the high school pupils as a matter of accommodation.

The respondent, in her capacity as County Superintendent of Schools, took the position that to avoid abandoning the district under the provisions of section 75-1522, R.C.M. 1947, at least five children of school age must have attended the school in District No. 45, or be furnished transportation to another *elementary* school. In other words it was the position of the respondent, in considering the right to abandon the district, that the furnishing of transportation to pupils attending high school was not to be considered in determining the number of children who were required to either attend school in that district or to be furnished transportation to another district. Since an average of four or less pupils had been furnished transportation to another elementary school, she maintained she was compelled by law to order said school closed. The trial court upheld her contention.

The only question here involved is whether the District Court in making its order denying the writ of prohibition, correctly construed the applicable law.

Section 75-1522, supra, is the governing statute applying to the facts in this case. As in effect at the time of this action, this act called for the abandonment of the district where a school had not been operated in the district during a period of three consecutive years. It further provided that if any such school district has provided transportation for a period of three consecutive years, for an average of at least five children of school age, living within the district, to another district for the purpose of attending school therein, for a term of at least 180 days each year, *such transportation shall be deemed equivalent to the actual holding of school in such district* for a term of 180 days in each year, and that in that event such district shall not be ordered abandoned.

This particular statute has not heretofore been interpreted by this court. In order to properly construe the statute,

it is necessary that we determine, if possible, the legislative intent in its enactment.

The statute, section 75-1522, supra, provides in part, "* * * if any such school district has provided transportation * * * to another district for the purpose of attending school therein * * * Such transportation shall be deemed equivalent to the actual holding of school in such district * * * and such district shall not be ordered abandoned."

The second section of the above statute, as the same was in existence at the time to which this action is applicable, requires the abandoned territory to be attached to a contiguous district, whenever there are five or more children in an abandoned territory, eligible for attendance *"in an elementary school."*

It is urged that such provision in the second section of such statute is not applicable, is a contradiction of the provisions of the first section of the act, and is no guide to the legislative intent as applied to the first section of the statute. Irrespective of the merits of this argument, however, we think that the legislative intent is clearly shown by the provisions of the first section of the statute in question. In this case, there is no dispute over the status of School District No. 45. It is solely responsible for the operation of an elementary school. It does not operate a high school. When the school district is abandoned, it must be conceded that no student eligible to attend high school, is deprived of the opportunity of attending school. His transportation must be provided by the high school district and the payment therefor is provided by the state and county. R.C.M. 1947, section 75-3414. The elementary school district here was neither required nor was it authorized to provide or pay for transportation for high school pupils. By its terms the statute specifically refers to the right to declare a school district abandoned "when a school has not been operated in the district." Section 75-1522, subd. (1). Such a statement cannot by any rule of construction, be applied to a high school operated independently of the operation of the district, and whose pupils are not transported at the expense of the school

574

district. If such rule could be applied, it would mean that if more than five students living in the district attended a high school, such elementary school district could not be abandoned even if there was not a single pupil eligible for attendance at the elementary school. Moreover, the measuring stick provided in the act, to determine the requirements for abandonment of a school district, is that provided by the statement in the act that "such transportation shall be deemed equivalent to the actual holding of school *in such districts.*" Section 75-1522, subd. (1). It would seem clear from such language that transportation is balanced against school attendance in the district, and does not refer to transportation of high school students whose transportation is not provided by such district.

The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES CASTLES, ANGSTMAN, and ADAIR, concur.